UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**CV   09   2669**

----------------------------------------------------------------X

EFREM LYNCH,

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

Plaintiff,

*CLASS ACTION*
*COMPLAINT*   ★   JUN 2 3 2009   ★

-against-

(Q.T.)

LONG ISLAND OFFICE

VALENTINE & KEBARTAS, INC.,

Defendant.

**VITALIANO, J.**

----------------------------------------------------------------X

**GO, M.**

## INTRODUCTION

1.      EFREM LYNCH (hereinafter "Plaintiff") seeks redress for the illegal practices of
        VALENTINE & KEBARTAS, INC. (hereinafter "Defendant") concerning the collection
        of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq.
        ("FDCPA").

## PARTIES

2.      Plaintiff is a citizen of the State of Texas.

3.      Plaintiff is a "consumer" as that term is defined by Section 1692(a)(3) of the FDCPA, in
        that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

4.      Upon information and belief, Defendant is a Massachusetts corporation with its principal
        place of business located in Lawrence, Massachusetts.

5.      Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by
        consumers nationwide and regularly engages in business in the State of New York.

6.      Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. §
        1692(a)(6).

## JURISDICTION

7.    This Court has jurisdiction pursuant to 15 U.S.C. § 1692k (FDCPA) and 28 U.S.C. § 1331 and venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c), as the Defendant conducts business in this district and has sufficient ties to the jurisdiction and as the acts and transactions that give rise to this action occurred, in substantial part, in this jurisdiction.

## AS AND FOR A FIRST CAUSE OF ACTION

8.    Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-7 as if set forth fully in this cause of action.

9.    That a personal debt (hereinafter "the debt") was allegedly incurred by the Plaintiff to an unidentified creditor.

10.   That at a time unknown to the Plaintiff herein, the debt was referred and/or assigned to the Defendant for collection.

11.   Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect the debt from the Plaintiff.

12.   That on or about March 1, 2009, Defendant began calling the Plaintiff by telephone and leaving voice messages on Plaintiff's answering machine.

13.   That on or about April 10, 2009, during a conversation with the Defendant's agent, Plaintiff effectively disputed the debt by denying he owed the amount represented.

14.   That during said conversation the Plaintiff and Defendant's agent agreed to reduce the debt, but a "Kale Tuchulski" immediately got on the line and refused the reduced settlement that Plaintiff and previous collector had just agreed to.

15.   That Kale Tuchulski yelled at the Plaintiff and threatened, "*In Texas, I can garnish your wages and take your money!*" (emphasis added).

16.   That Kale Tuchulski then hung up on the Plaintiff, called him back, and intimidated the Plaintiff by listing off the Plaintiff's other credit card accounts from Plaintiff's personal credit report and advised the Plaintiff to **_"use your other credit cards to pay this debt!"_** (emphasis added).

17.   That Plaintiff then requested Kale Tuchulski not to call him anymore as the calls were abusive and harassing.

18.   That since the Plaintiff's request to cease calls, Defendant has continued to call the Plaintiff on a daily basis.

19.   That a series of messages were left repeatedly over the course of several months.

20.   That said messages deceptively vary and change in form and substance so that the consumer is unable to determine the callers identity and so that continuous and repetitive calls could be placed, appearing to be from different parties.

21.   That said messages failed to disclose the Defendant's identity in violation of 15 U.S.C. § 1692 d(6) and e(11).

22.   That Defendant failed to validate the debt after the Plaintiff disputed its amount.

23.   That Defendant failed to notify the Plaintiff of the thirty-day dispute period within five days of the initial communication required by the FDCPA

24.   That Defendant's actions caused additional and unnecessary stress for the Plaintiff.

25.   Defendant's conduct violates 15 U.S.C. 1692 et seq., including but not limited to subsections (d), (e), (f) and (g) in that communications to the Plaintiff by the Defendant fail to advise the consumer of her rights,  are false, deceptive, unfair, threatening and made in furtherance of attempting to collect a consumer debt by means of duress, harassment and unlawful third party disclosures.

26.   That as per 15 U.S.C. § 1692 et seq. and as a result of the above violation, Defendant is liable to the Plaintiff for statutory damages in an amount to be determined at the time of trial but not less that $1,000.00 per violation, plus actual damages and treble damages,

costs and attorney's fees.

## CLASS ALLEGATIONS

27.   Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-26 as if set forth fully in this cause of action.

28.   This cause of action is brought on behalf of Plaintiff and the members of a class.

29.   The class consists of consumers who received calls on their answering machines that failed to disclose their identity or given proper disclosures under the FDCPA.

30.   The class consists of all persons whom Defendant's records reflect resided in the United States and who received a telephone message (a) from one of the Defendant's collection representatives, (b) the message was left concerning the seeking payment of an alleged debt, and (c) that the message contained violations of 15 U.S.C. 1692 et seq.

31.   Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   (A)   Based on the fact that telephone messages are at the heart of this litigation, the class is so numerous that joinder is impracticable.

   (B)   There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members.

   (C)   The only individual issue is the identification of the consumers who received the message, (i.e. the class members), a matter capable of ministerial determination from the records of the Defendant.

   (D)   The claims of the plaintiffs are typical of those of the class members.  All are based on the same facts and legal theories.

   (E)   The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-

abuse claims.  The Plaintiff's interests are consistent with those of the members of the class.

32.     A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. §1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

33.     If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

34.     Phone messages, such as those sent by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

35.     The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

36.     Because the Defendant violated of the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

**WHEREFORE,** Plaintiff respectfully prays that judgment be entered against Defendant in the amount of:

(a)     Statutory damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial on the first cause of action.

(b)     Actual damages and treble damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial on the first cause of action.

(c)     Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d)     For such other and further relief as may be just and proper.

Dated: New York, New York
       June 18, 2009

Amir J. Goldstein, Esq. (AG-2888)
Attorney at Law
**Attorney for the Plaintiff**
591 Broadway, #3A
New York, New York 11012
(212) 966- 5253 phone
(866) 288- 9194 fax

Plaintiff requests trial by jury on all issues so triable.

Amir J. Goldstein (AG-2888)